# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE NO. 1:12-cv-00265-MR
### [CRIMINAL CASE NO. 1:01-cr-00048-MR-6]

| | | |
|---|---|---|
| KIRK PRYOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 or, alternatively, for relief under 28 U.S.C. § 2241 or under the writs of error *coram nobis* and *audita querela* [Docs. 1, 4]; the Government's Response in Opposition [Doc. 6]; and the Government's Motion for Leave to File Out of Time [Doc. 9]. Petitioner is represented by Ross H. Richardson of the Federal Defenders of Western North Carolina. For the reasons that follow, Petitioner's motion to vacate will be denied, and the § 2255 petition will be dismissed as untimely. Furthermore, Petitioner is not entitled to relief under any of his alternative grounds for relief.

# I. PROCEDURAL HISTORY

Petitioner Kirk Pryor was indicted by the Grand Jury for the Western District of North Carolina on July 10, 2001, and charged with conspiracy to possess with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [Criminal Case No. 1:01-cr-00048-MR-6, Doc. 3: Indictment].  The same day, the Government filed an Information in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that it intended to seek enhanced penalties based on Petitioner's prior felony drug offenses.  [Id., Doc. 5: Information].  In particular, the Government asserted in the Information that Petitioner had been convicted of possession with intent to sell or deliver a Schedule II controlled substance on two occasions -- January 5, 1994 and May 11, 1995 -- in Henderson County Superior Court.  [Id.].

Petitioner's case was ultimately tried before a jury, and the jury found him guilty of the drug-trafficking conspiracy offense.  [Id., Doc. 178: Jury Verdict].  Before Petitioner's sentencing hearing, the probation office prepared a Presentence Report ("PSR"), in which the probation officer calculated a base offense level of 38 and recommended a three-level enhancement based on Petitioner's role in the conspiracy.  [Id., Doc. 597 at 6-7: PSR].  The probation officer reviewed Petitioner's criminal history,

which included convictions of four offenses on January 5, 1994 — all of them for possession with intent to sell and deliver a Schedule II controlled substance — for which Petitioner received three years of imprisonment for each conviction.  [Id. at 8-9].  Petitioner's criminal history also included the conviction on May 11, 1995, for possession with intent to sell and delivery cocaine, for which Petitioner was sentenced to 7 to 11 months in prison. [Id. at 10].  Based on these prior felony drug offenses, the probation officer noted that Petitioner was subject to a statutory mandatory minimum term of life in prison.  [Id. at 14].  Consistent with the probation officer's calculation, this Court sentenced Petitioner to life in prison, entering its judgment on July 15, 2002.  [Id., Doc. 255: Judgment].  Petitioner appealed, and the Fourth Circuit affirmed this Court's judgment on September 15, 2003. United States v. Pryor, 75 F. App'x 157 (4th Cir. 2003).

On August 17, 2012, Petitioner filed a *pro se* motion to vacate his conviction under 28 U.S.C. § 2255.  [Doc. 1].  On April 1, 2013, counsel filed a supplement to the motion to vacate, alternatively seeking relief under 28 U.S.C. § 2241 or for writs of error *coram nobis* and *audita querela*. [Doc. 4].  In this supplemental petition, counsel argues that one of the convictions used to support Petitioner's sentence enhancement, namely his May 1995 conviction, was not punishable by more than one year in prison,

as established by the Fourth Circuit's decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011). [<u>Id.</u>]. On March 4, 2014, this Court ordered the Government to respond, and the Government filed its brief in response on June 17, 2014. [Docs. 5, 9].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. <u>See Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). As noted, the Fourth Circuit affirmed Petitioner's conviction and sentence on September 15, 2003. Here, Petitioner's judgment became final when his time for filing a petition for writ of certiorari expired, or 90 days after the Fourth Circuit entered its mandate. Petitioner's motion, which was filed on August 17, 2012, is untimely under § 2255(f)(1), and none of the other subsections applies to render the petition timely.

Petitioner argues, however, that this Court should equitably toll the statute of limitations. In the Fourth Circuit's recent decision in Whiteside v. United States, 748 F.3d 541 (4th Cir. 2014), the Court addressed equitable tolling as it applies to petitioners seeking relief under Simmons and held that equitable tolling applies as long as the error "worked a gross

miscarriage of justice" and the petitioner "pursued his rights diligently by filing his motion within a year of ... <u>Simmons</u>."[1]  <u>Id.</u> at 546.  Here, while Petitioner filed his motion to vacate one year to the day after <u>Simmons</u> was decided, the application of the statutory mandatory minimum in this case did not work a gross miscarriage of justice because Petitioner had four qualifying prior felony drug offenses.

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense."  That term is defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]."  In <u>Simmons</u>, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in <u>United States v. Jones</u>, 195 F.3d 205 (4th Cir. 1999), and <u>United States v. Harp</u>, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense.  <u>See</u> <u>Simmons</u>, 649 F.3d at 247.  Thus, for purposes of a

---

[1]  On July 10, 2014, the Fourth Circuit granted the Government's motion for an *en banc* rehearing in <u>Whiteside</u>.

qualifying predicate conviction under § 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

Here, Petitioner was convicted of four drug-trafficking offenses on January 5, 1994, and sentenced to three years in prison as to each one. See [Criminal Case No. 1:01-cr-00048-MR-6, Doc. 597 at 8-9].  While the Government's Section 851 Information did not identify each of these convictions separately, it did provide Petitioner and this Court with notice that the Government would seek a sentence enhancement because Petitioner was convicted on that date of a felony drug trafficking offense. Because Petitioner had four convictions sufficient to support an enhancement that requires only two such prior convictions, see 21 U.S.C. § 841(b)(1)(A), the enhancement of Petitioner's sentence did not work a gross miscarriage of justice.  Even though Petitioner filed his motion to vacate within a year of Simmons, equitable tolling is not warranted, and his motion to vacate will be dismissed as untimely.

Petitioner also seeks relief under 28 U.S.C. § 2241, which is generally a means of attacking the manner in which a sentence is executed, not the validity of the conviction itself.  Tolliver v. Dobre, 211

F.3d 876, 877 (5th Cir. 2000).  As the Fourth Circuit recognized in <u>In re Jones</u>, 226 F.3d 328 (4th Cir. 2000), however, where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" of § 2255 permits a petitioner to seek relief under § 2241. <u>In re Jones</u>, 226 F.3d at 333.  In this case, however, § 2241 relief is not appropriate because Petitioner had four qualifying predicate convictions and his mandatory life sentence was properly imposed.

Petitioner also seeks relief through a writ of error *coram nobis* or a writ of *audita querela*.  *Coram nobis* relief is only available, however, when all other avenues of relief are inadequate and where the defendant is no longer in custody.  <u>In re Daniels</u>, 203 F. App'x 442, 443 (4th Cir. 2006). Here, Petitioner is in custody, rendering *coram nobis* relief unavailable. Similarly, *audita querela* relief is only available to "plug a gap in the system of federal postconviction remedies," <u>United States v. Johnson</u>, 962 F.2d 579, 583 (7th Cir. 1992), and Petitioner's claim does not fall within such a gap.    Instead, Petitioner's claim simply fails because it is untimely presented and, even if timely presented, does not present a cognizable claim of error.

## IV.    CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely.  Furthermore, Petitioner is not entitled to relief under any of his alternative theories.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED THAT:**

1.      Petitioner's § 2255 motion [Doc. 1], as supplemented [Doc. 4],

is **DISMISSED WITH PREJUDICE** as untimely, and Petitioner's

alternative requests for relief are **DENIED**;

2.      The Government's Motion for Leave to File Out of Time [Doc. 9]

is **GRANTED** *nunc pro tunc*; and

3.      The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 6, 2014

Martin Reidinger
United States District Judge