## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:01-cr-000048-MR-6

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **KIRK PRYOR,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Second and Successive Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)" [Doc. 700].

On November 14, 2001, the Defendant was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851, for which he was subject to a statutorily-required mandatory minimum sentence of life imprisonment. At sentencing on June 25, 2002, the Court determined that the base offense level was 38, based on the Defendant being responsible for 4.79 kilograms of cocaine base. The total offense level was calculated to be 41. Combined with a Criminal History Category of IV, this produced a Guidelines range of 360

months to life imprisonment. However, since the Defendant was subject to a mandatory minimum sentence of life imprisonment, his Guidelines range became life imprisonment. See U.S.S.G. § 5G1.1. The Court imposed a sentence of life imprisonment.

In 2008, Amendment 706 to the Sentencing Guidelines was enacted to amend U.S.S.G. § 2D1.1 to retroactively reduce the offense levels for crack cocaine offenses. On July 27, 2009, the Court denied the Defendant relief under 18 U.S.C. § 3582(c)(2) and Amendment 706 due to the mandatory minimum sentence of life imprisonment that was imposed. [Doc. 502].

On November 4, 2016, the Defendant received an executive grant of clemency, which resulted in his sentence being commuted to a term of 292 months' imprisonment.[1] [Doc. 696]. The Defendant now moves the Court for a further reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706. [Doc. 700].

---

[1] This commutation was made conditional upon the Defendant enrolling in the BOP's Residential Drug Abuse Program within fourteen days of receipt of the executive order of clemency. [See Doc. 696 at 3]. The Defendant's motion does not indicate whether he has fulfilled that condition.

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may reduce or modify a sentence only when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). These circumstances are not present in the Defendant's case. The Defendant's sentence was reduced not by a subsequent lowering of his Guidelines range by the Sentencing Commission but rather by a grant of clemency by the President of the United States. As such, the Defendant is not entitled to relief under § 3582(c)(2) and Amendment 706.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Second and Successive Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)" [Doc. 700] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 1, 2017

Martin Reidinger
United States District Judge