**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:01-cr-00048-MR-WCM-6**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **KIRK PRYOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 730] and the Government's Motion to Seal Document Containing Medical Records [Doc. 741].

## I. BACKGROUND

In August 2001, the Defendant Kirk Pryor was charged, along with ten co-defendants, with one count of conspiracy to possess with intent to distribute at least five kilograms of a mixture or substance containing a detectable amount of cocaine. [Doc. 26]. A jury found the Defendant guilty of this offense. [Doc. 178]. On June 25, 2002, the Court sentenced the Defendant to a term of life imprisonment. [Doc. 255].

The Defendant received an executive grant of clemency on November 4, 2016, which resulted in his sentence being commuted to a term of 292 months' imprisonment. [Doc. 696]. The Defendant is presently incarcerated at FCI Beckley, and his projected release date is October 16, 2023.[1]

The Defendant now moves the Court for a compassionate release, citing the ongoing COVID-19 pandemic. [Doc. 730]. The Court directed the Government to respond to the Defendant's motion. [Text-Only Order dated Apr. 12, 2021]. The Government filed its Response on May 12, 2021. [Doc. 740]. The Defendant filed his Reply on June 7, 2021. [Doc. 744].

## II. DISCUSSION

### A. Motion for Compassionate Release

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

[1] See https://www.bop.gov/inmateloc/ (last visited July 15, 2021).

warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government concedes that the Defendant has sufficiently exhausted his administrative remedies with BOP by requesting compassionate release from the Warden. [Doc. 740 at 3]. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. As is relevant here, the application note to § 1B1.13 specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ

disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this

Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7. The Defendant bears the burden of establishing that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

Here, the Defendant asserts that BOP is ill-equipped to deal with the COVID-19 pandemic and thus also his own personal health care needs. While a review of the Defendant's BOP medical records indicates that the Defendant does suffer from hypertension, a condition which has been identified as a potential COVID-19 risk factor, these records also indicate that the Defendant's condition is being adequately monitored and treated with appropriate medications.[2] [Docs. 731, 739].

The Court further notes that, contrary to the Defendant's argument, the Federal Bureau of Prisons ("BOP") has taken significant measures to protect

[2] The Defendant also claims that he is obese, and that this condition subjects him to a heightened risk of severe illness or death from COVID-19. The records submitted by the Defendant, indicate that he is merely "overweight," not "obese." [See Doc. 731 at 2].

the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, BOP has begun the process of vaccinating inmates, which will offer inmates further protection from the virus.[3] Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders. Given BOP's efforts, the fact that the Defendant faces a potential risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Even if the Defendant could establish an extraordinary and compelling reason for his release, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence

[3] The Defendant was offered, but refused, the COVID-19 vaccine. [Doc. 739 at 91].

reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant's crime was extremely serious, as he engaged in the distribution of a significant amount of crack cocaine for a period of several years. The Defendant's behavior while in prison also counsels against his early release. The Defendant's disciplinary record shows numerous disciplinary infractions; in the last 12 months alone, the Defendant appears to have at least five sanctioned incidents involving violations of phone policy, financial policy, failure to obey orders, and unlawful demonstration. [Doc. 740-1]. Prior to that, the Defendant had numerous violations for possession of narcotics, marijuana, and alcohol. [Id.]. These violations continued through the years despite the consequences for the Defendant, such as loss of some of his good credit time, commissary privileges, and visiting privileges. [Id.]. The Defendant's disciplinary violations directly contradict his assertion in his motion that "[h]e has maintained clear conduct for the past twelve months and, he has established a behavior pattern that will coincide with his criminal free lifestyle upon release." [See Doc. 730 at 12].

In light of the serious nature of the Defendant's offense and his post-sentencing conduct, the Court finds that the relevant § 3553(a) sentencing

factors, including the need for the sentence to reflect the true extent and seriousness of the Defendant's offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from the Defendant's further crimes, counsel against a further reduction of the Defendant's sentence.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's Motion for Compassionate Release is denied.

**B. Motion to Seal**

The Government moves the Court for leave to file under permanent seal the BOP medical records [Doc. 739] filed in support of its Response to the Defendant's Motion for Compassionate Release. [Doc. 741].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present

case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on May 12, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the subject medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 730] is **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Document Containing Medical Records [Doc. 741] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc.

739] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: July 19, 2021

Martin Reidinger
Chief United States District Judge